IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

| | | |
|---|---|---|
| PHILIP ANGELINI JR.<br>156 Chapel Street<br>Gardner, MA 01440 | : | CIVIL ACTION |
| Plaintiff<br>vs. | : | 05 11282 PBS<br>JURY TRIAL DEMANDED |
| SPRINGFIELD TERMINAL<br>RAILWAY COMPANY<br>Iron Horse Park<br>North Billerica, MA 01862 | : | RECEIPT # 65096<br>AMOUNT $ 250.00<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1 —<br>WAIVER FORM —<br>MCF ISSUED — |
| Defendant | : NO. | BY DPTY. CLK. M.P.<br>DATE 6/17/05 |

COMPLAINT

1. The Plaintiff, Philip Angelini Jr., an adult individual residing at 156 Chapel Street, Gardner, Massachusetts 01440.

MAGISTRATE JUDGE MBB

2. The Defendant, Springfield Terminal Railway Company is a corporation organized and existing under the laws of the State of Massachusetts, whose principal place of business and address for service of process is Iron Horse Park, North Billerica, Massachusetts 01862.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), Title 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

4. At all times material hereto, the Defendant, Springfield Terminal Railway Company, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendants, their agents, servants, workmen

and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6.     At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendant railroad and was acting in the scope of his employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

7.     All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8.     The Plaintiff has been employed by the Defendant from May 1970 through and including the present and, while working within the scope of his employment as a track foreman in and around the Ayer, Massachusetts area, and was exposed to occupational risk factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward wrist posture.

9.     Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

   a)    failure to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

   b)    failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

    c)    failure to comply with safety and operating rules and regulations of the Defendant;

    d)    forcing the Plaintiff to work under hurried and/or awkward conditions;

    e)    negligence of the Defendant's agents, servants, workmen and/or employees;

    f)    negligence at law; and

    g)    otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

10. The Defendant has a duty to provide a reasonably safe place to work. It had a non-delegable duty to insure that the Plaintiff had adequate qualified assistance to perform the functions of his work without unnecessary risk of injury or to himself. The Defendant has a duty to provide a sufficient number of employees to perform assigned work, and its failure to provide adequate assistance can be a breach of its duty to provide a safe place for the Plaintiff to work, and will entitle the Plaintiff to a recovery against the Defendant if any such failure was a cause, in whole or in part, of the injuries claimed by the Plaintiff.

11. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

12. On or about June 19, 2002, the Plaintiff was diagnosed with bilateral carpal tunnel syndrome and right ulnar nerve entrapment.

13. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

15. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

Dated: 6/15/05

BY: HANNON & JOYCE

GREGORY JOHN HANNON, ESQUIRE
Public Ledger Bldg - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 6/15/05

MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Philip Angelini Jr.
156 Chapel Street
Gardner, MA 01440

**DEFENDANTS**
Springfield Terminal Railway Co.
Iron Horse Park
North Billerica, MA 01862

(b) County of Residence of First Listed Plaintiff  **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)
**05  11282 PBS**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability — ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| & Enforcement of   Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Judgment Medicare Act | ☒ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. |  | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine — **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product — ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability — ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage |  |  | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability — ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   Product Liability | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of |
|  |  | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act |  | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: |  |  | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. |  | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights | Security Act | ☐ 871 IRS—Third Party |  |
|  |  | ☐ 555 Prison Condition |  | 26 USC 7609 |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51-60 et seq.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6/15/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Philip Angelini Jr. vs. Springfield Terminal Railway Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **05 11282 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael J. McDevitt
ADDRESS  LAWSON & WEITZEN LLP, 88 Black Falcon Avenue., Ste. 345, Boston, MA 02210
TELEPHONE NO.  (617) 439-4990

(Coversheetlocal.wpd - 10/17/02)